UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 3:17CR277 (SRU) |
| v. | : | |
| | : | |
| | : | |
| JERMAINE OGRINC | : | |
| | : | |

**ORDER**

The government and Jermaine Ogrinc have moved, pursuant to 18 U.S.C. § 4241, that the Court order that a psychiatric or psychological examination be conducted and that a report be filed pursuant the provisions of 18 U.S.C. §§ 4247(b) and (c).  Pursuant to 18 U.S.C. §§ 4241, 4247(b) and (c):

**IT IS ORDERED THAT:**

1.   The defendant, who is housed at Corrigan CI, be evaluated by Howard Zonana, M.D. and Madelon Baranoski, Ph.D.  *See* 18 U.S.C. § 4247(b).  The time for this evaluation shall not exceed 45 days, a period that shall begin with the entry of this Order.  Drs. Zonana and Baranoski may apply for a reasonable extension, but not to exceed thirty (30) days, upon showing of good cause that the additional time is necessary to evaluate the defendant.

2.   To assist Drs. Zonana and Baranoski in this process, a copy of the written report of Dr. Hamlett shall be provided to them.

3.   The report ordered shall be prepared by the examiners and shall be filed with the Court with copies provided to counsel for the defendant and to the attorney for the government, and shall include:

(a)   the defendant's history and present symptoms;

1

    (b)    a description of the psychiatric, psychological and medical tests employed and their results;

    (c)    the examiner's findings;

    (d)    the examiner's opinions as to diagnosis, prognosis,

    (e)    a description of any medications prescribed and opinions regarding their respective efficacy, and--

    (e)    whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

4. Counsel shall provide a copy of this Order shall to Drs. Zonana and Baranoski and assist them with facilitating the evaluation, as necessary.  So too the United States Marshal may be contacted for assistance, if necessary.

5. The government shall pay the cost of this evaluation, understanding that the total cost for each clinician shall not exceed $3,000.

6. The period of time necessary to complete the evaluation and to conduct any hearing related thereto shall be excluded in computing the time within which the trial of any such offense must commence, pursuant to Title 18, United States Code, Section 3161(h)(1)(A).

7. In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), [n]o statement made by the defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the

defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2).

  **SO ORDERED** at Bridgeport, Connecticut this <u>  17th  </u> day of July, 2020.

             <u> /s/ STEFAN R. UNDERHILL           </u>
             HON. STEFAN R. UNDERHILL
             CHIEF UNITED STATES DISTRICT JUDGE